## McNALLY *versus* KERSWELL.

The joint liability of partners is severed by their death, and a claim against their estate cannot be prosecuted against their administrator, *in one action,* although the same individuals should administer on both estates.

After an estate has been represented insolvent, a creditor cannot maintain an action against the administrator, unless his claim has been filed before the commissioners, should the estate even prove to be solvent.

An action against an officer for neglect of serving a writ cannot be supported without proof of *loss* sustained by such omission.

Where the creditor would enforce a *lien* claim on logs, by an attachment under the provision of c. 216 of the Acts of 1851, against an administrator of an estate represented to be insolvent, the nature of the claim must appear in the writ itself.

If in such suit it does not appear by the writ, that a *lien* claim is sued for, no action can be maintained against the officer for neglecting to serve it.

ON REPORT from *Nisi Prius*, RICE, J., presiding.

CASE against the defendant, as a deputy sheriff for not making an attachment on a writ committed to him with special directions, and which he neglected to serve.

When the plaintiff's attorney gave the writ to the defendant for service, he said he had already attached some logs, and that they were ample security for the lien claims. The attorney directed him to make a subsequent attachment on the lot of logs and complete the service by leaving a summons. The defendant said he would. After keeping the writ three months, the defendant returned it to plaintiff's attorney, without any service being made.

The principal facts in the case will be found in the opinion of the Court.

The case was submitted to the full Court for a decision.

*J. S. Abbott,* for defendant.

*C. Hinds,* for plaintiff.

APPLETON, J. — This was an action of the case against the defendant, a deputy sheriff, for neglecting to serve a writ in favor of the plaintiff against Peter S. Ellis, administrator.

The officer in the writ, was commanded to attach the goods and estate of Joseph Ellis and Benjamin H. Ellis, late of said Madison, now deceased, in the hands and possession of Peter S. Ellis, of said Madison, administrator on the estate of said Joseph and said Benj. H. Ellis." Both of

those estates were represented insolvent at a probate court holden on the first Tuesday of May, 1851, and commissioners of insolvency appointed. The writ against the administrator is dated June 20, of the same year, and is brought to recover the balance of an account due from both estates, and for work and labor done in and about the business of the said Joseph and Benjamin H. Nothing in the writ indicates it to have been a lien debt, or that it was for work and labor done and performed upon any specific logs, whereby the plaintiff acquired a lien on the same.

The defendant was described as the administrator on the estate of Joseph and Benjamin H. Ellis. No joint action can be maintained against the several administrators of deceased partners. Neither can it be against the same individual in his double capacity as administrator on the estates of each partner. The estates are separate. The duties of the administrator in regard to each, and the bonds given for the performance of those duties, are several and distinct. The demand, which was joint, is severed by death and all remedies for the enforcement of claims must be against the several administrators upon each, or if the same individual be administrator upon both estates, against him in each case as he is administrator upon the estate sought to be charged.

The law is well settled that upon the issuing of a commission of insolvency, all attachments are dissolved. It is obvious that what is to be distributed should be freed from attachment. *Martin* v. *Abbott*, 1 Greenl. 333. If the estate is represented insolvent a creditor cannot sue the administrator, unless his claim has been filed before the commissioners, though the estate finally prove to be actually solvent. *Paine* v. *Nichols*, 15 Mass. 264; *Dillingham* v. *Weston*, 21 Maine, 263.

If the plaintiff was entitled to bring his claim within the provisions of the Act of 1851, c. 216, and by maintaining an action against the administrator, to enforce his lien on the logs by virtue of its provisions, the writ should have

disclosed those facts, so that the officer should know he was not called upon to act in violation of law. The writ disclosed no such facts. From any therein set forth, he not merely had no apparent justification in making an attachment, but on the face of the proceedings he would have been without justification in so doing. He was not bound to assume the existence of a state of facts, which might bring the case within the purview of one statute, when the papers upon which he was required to act, commanded a palpable violation of another.

The plaintiff does not show how, or in what way he has sustained any loss, and without such proof the action cannot be sustained.                             *Plaintiff nonsuit.*

SHEPLEY, C. J., and TENNEY, RICE and CUTTING, J. J., concurred.